# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| Ditech Financial, LLC, | 2:17-cv-00860-JAD-CWH |
| Plaintiff | |
| v. | **Order Staying Case and Denying Motion Without Prejudice** |
| Saticoy Bay, LLC Series 7904, *et al.*, | [ECF No. 15] |
| Defendants | |

In the years following Las Vegas's real estate crash, lenders and investors were at odds over the legal effect of a homeowners association's (HOA's) nonjudicial foreclosure of a superpriority lien on a lender's first trust deed.[1] The Nevada Supreme Court settled the debate in *SFR Investments Pool 1, LLC v. U.S. Bank*,[2] making winners out of the investors who purchased foreclosure properties in HOA sales and losers of the lenders who gambled on the opposite result, elected not to satisfy the HOA liens to prevent foreclosure, and thus saw their interests wiped out by sales that often yielded a small fraction of the loan balance.

The Nevada Supreme Court recently reaffirmed the *SFR* principles in *Saticoy Bay v. Wells Fargo* and expressly held that "the Due Process Clauses of the United States and Nevada Constitutions are not implicated in an HOA's nonjudicial foreclosure of a superpriority lien."[3] But when a Ninth Circuit panel considered the same issues in *Bourne Valley Court Trust v. Wells Fargo Bank*, it held that Chapter 116's nonjudicial foreclosure scheme "facially violated

---

[1] *Freedom Mortgage Corp. v. Las Vegas Dev. Grp., LLC*, 106 F. Supp. 3d 1174, 1180 (D. Nev. 2015).

[2] *SFR Inv. Pool 1 v. U.S. Bank*, 334 P.3d 408, 419 (Nev. 2014).

[3] *Saticoy Bay v. Wells Fargo*, 133 Nev. Adv. Op. 5 (Jan. 26, 2017).

mortgage lenders' constitutional due process rights" before it was amended in 2015.[4] The losing party in *Bourne Valley* has filed—and the losing party in *Saticoy Bay* has indicated the intent to file—a petition for certiorari in the United States Supreme Court,[5] so the constitutionality of Nevada's non-judicial foreclosure scheme may ultimately be decided by the United States Supreme Court.[6]

This case concerns one of those nonjudicial foreclosure sales, and Ditech challenges that foreclosure sale as a violation of its right to due process.[7] Saticoy Bay now moves to dismiss Ditech's claims, relying on the Nevada Supreme Court's *Saticoy Bay* decision.[8] To save the parties from the need or inclination to invest resources further briefing the effect of the *Bourne Valley* and *Saticoy Bay* opinions before the United States Supreme Court has ruled on the petitions for certiorari review in these cases, I deny the pending motion without prejudice, and I *sua sponte* **stay all proceedings in this case**.

## Discussion

A district court has the inherent power to stay cases to control its docket and promote the efficient use of judicial resources.[9] When determining whether a stay is appropriate pending the resolution of another case—often called a "*Landis* stay"—the district court must weigh: (1) the

---

[4] *Bourne Valley Ct. Trust v. Wells Fargo Bank*, 2016 WL 4254983, at *5 (9th Cir. Aug. 12, 2016).

[5] The Nevada Supreme Court has stayed issuance of the remittitur until June 21, 2017, to allow time to seek certiorari. *Saticoy Bay*, Nev. S. Ct. Case No. 68630, Doc. 17-04543 (Feb. 8, 2017). The *Bourne Valley* cert petition was filed on April 3, 2017. Case No. 16-1208.

[6] *See* S.C.R. 10(a) (suggesting that a conflict between a circuit court and "a state court of last resort" on "an important federal question" can be a basis for granting review on a writ of certiorari).

[7] *See* ECF No. 1 at ¶¶ 69–71.

[8] ECF No. 15.

[9] *Landis v. North American Co.*, 299 U.S. 248, 254–55 (1936); *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007).

possible damage that may result from a stay, (2) any "hardship or inequity" that a party may suffer if required to go forward, (3) "and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law" that a stay will engender.[10] After weighing these considerations, I find that a *Landis* stay is appropriate here. I address these considerations in reverse order.

**A.     A stay will promote the orderly course of justice.**

At the center of this case is an HOA-foreclosure sale under NRS Chapter 116 and the competing arguments that the foreclosure sale either extinguished the bank's security interest or had no legal effect because the statutory scheme violates due process. The United States Supreme Court's consideration of petitions for certiorari in *Bourne Valley* and *Saticoy Bay* has the potential to be dispositive of this case or at least of discrete issues that it presents. As the jurisprudence in this area of unique Nevada law continues to evolve, the parties in the scores of foreclosure-challenge actions pending in this courthouse file new motions or move to supplement the ones that they already have pending, often resulting in docket-clogging entries and an impossible-to-follow chain of briefs in which arguments are abandoned and replaced. Staying this case pending the Supreme Court's disposition of the petitions for certiorari in *Bourne Valley* and *Saticoy Bay* will permit the parties to evaluate—and me to consider—the viability of the claims under the most complete precedent. This will simplify and streamline the proceedings and promote the efficient use of the parties' and the court's resources.

**B.     Hardship and inequity**

All parties face the prospect of hardship if I resolve the claims or issues in this case before the petitions for certiorari have been decided. A stay will prevent unnecessary briefing and the expenditures of time, attorney's fees, and resources that could be wasted—or at least prematurely spent—should the Supreme Court take up these cases.

---

[10] *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005).

3

**C.  Damage from a stay**

The only potential damage that may result from a stay is that the parties will have to wait longer for resolution of this case and any motions that they have filed or intend to file in the future.  But a delay would also result from any rebriefing or supplemental briefing that may be necessitated if the Supreme Court grants certiorari and resolves this circuit-state split.  So it is not clear to me that a stay pending the Supreme Court's disposition of the petitions for certiorari will ultimately lengthen the life of this case.  I thus find that any possible damage that the extension of this stay may cause the parties is minimal.

**D.  The length of the stay is reasonable.**

Finally, I note that a stay of this case pending the disposition of the petitions for certiorari in *Bourne Valley* and *Saticoy Bay* is expected to be reasonably short.  The response to the petition in *Bourne Valley* is due May 8, 2017, and the Nevada Supreme Court's stay of the issuance of the remittitur in *Saticoy Bay* expires June 21, 2017.  Because the length of this stay is directly tied to the petition proceedings in those cases, it is reasonably brief, and it is not indefinite.

### Conclusion

IT IS THEREFORE ORDERED that **this case is STAYED.  Once the United States Supreme Court proceedings in *Bourne Valley* and *Saticoy Bay* have concluded, any party may move to lift this stay.**

IT IS FURTHER ORDERED that the pending motion to dismiss **[ECF No. 15] is DENIED** without prejudice to the refiling of the motion within 20 days of the order lifting the stay.

DATED: May 8, 2017

_____
Jennifer A. Dorsey
United States District Judge